UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-03-33-B-W-01 |
| | ) | |
| WILLIAM LELAND | ) | |

**ORDER DENYING DEFENDANT WILLIAM LELAND'S *PRO SE* MOTION FOR SENTENCE REDUCTION**

The Court denies William Leland's *Pro Se* Motion for Sentence Reduction (Docket # 350), because Mr. Leland's motion is procedurally defective and because the Court is not authorized to reduce a sentence on the grounds he suggests.

**I.     STATEMENT OF FACTS**

On October 27, 2005, the Court sentenced William Leland to concurrent terms of 252 months incarceration for one count of drug trafficking conspiracy and one count of possession with intent to distribute methamphetamine.[1]  *J.* (Docket # 334).  On October 31, 2005, Mr. Leland appealed, and on September 22, 2006, the Court of Appeals for the First Circuit affirmed his conviction.  *Notice of Appeal* (Docket # 333); *Op. of United States Ct. of Appeals for the First Circuit* (Docket # 343).  On January 29, 2007, Mr. Leland moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  *Leland v. United States*, Docket No. 07-10-B-W (Docket # 1).  On July 5, 2007, the Court affirmed the recommended decision of the magistrate judge and denied his motion.  *Order on Pl.'s Mot. for Recusal and on Magistrate*

---

[1] On January 27, 2004, Mr. Leland pleaded guilty to three drug trafficking conspiracy counts, one count of possession with the intent to distribute cocaine, one count of possession with the intent to distribute oxycodone, one count of possession with the intent to distribute methamphetamine, and one count of being a felon in possession of a firearm.  *J.* at 1.  In addition to the concurrent sentences of 252 months for one count of drug trafficking conspiracy and one count of possession with intent to distribute methamphetamine, he was sentenced to concurrent terms of 240 months on the four other drug trafficking and possession with intent to distribute counts and 120 months on the firearms charge.  *Id.* at 2.  He consented to a criminal forfeiture of a 1996 Ford Crown Victoria sedan and a 2002 Harley-Davidson Motorcycle.  *Id.* at 6.

*Judge's Recommended Decision* (Docket # 13). On July 9, 2007, Mr. Leland appealed. *Notice of Appeal* (Docket # 16). However, on October 19, 2007, the Court of Appeals refused to issue a certificate of appealability and terminated the appeal. *J.* (Docket # 23).

On September 24, 2008, Mr. Leland moved *pro se* for a reduction in his sentence "from twenty one years to the minimum mandatory sentence he would have received if he was not enhanced for obstruction of justice, and if he had received the three point reduction for timely acceptance of responsibility as promised in the plea agreement." *Def. William Leland's* Pro Se *Mot. for Sentence Reduction* at 1 (Docket # 350). He seeks the imposition of a ten-year mandatory minimum. *Id.* at 1-2. Mr. Leland itemizes a number of bases upon which he is relying to obtain a reduced sentence: (1) the imposition of an enhancement for obstruction of justice against the recommendation of the prosecution and contrary to the terms of the plea agreement; (2) new evidence that the facts upon which the Court relied to impose the obstruction of justice enhancement were erroneous; (3) the rejection of a reduction for acceptance of responsibility; and, (4) post-sentencing rehabilitation. *Id.* at 2–6.

The Government objects. *Gov't Opp'n to Def. William Leland's* Pro Se *Mot. for Sentence Reduction* (Docket # 352) (*Gov't's Opp'n*). The Government argues that Mr. Leland's attempt to reduce his sentence does not fit within the grounds under which a sentence may be reduced under the law. *Id.* at 2-3. It further contends that his motion must be denied because it is a collateral challenge to his sentence and, as a second or successive § 2255 petition, Mr. Leland must obtain the permission of the appellate court before proceeding, and there is no evidence that the Court of Appeals has granted such permission. *Id.* at 3. The Government says that Mr. Leland's motion must, therefore, be denied.

**II.    DISCUSSION**

Mr. Leland's motion fails for the reasons outlined in the Government's opposition. *See United States v. Tyler*, 417 F. Supp. 2d 80 (D. Me. 2006). After sentence is imposed, the law severely constrains the ability of the sentencing court to reduce a sentence and the grounds upon which it may do so.[2] One possibility is 18 U.S.C. § 3582(c), which allows a sentencing court to reduce a sentence in extremely narrow circumstances.[3] 18 U.S.C. § 3582(c); *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008). The statute states the general rule that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute then allows such a reduction only in rare circumstances after procedural prerequisites have been fully satisfied. *Id.* None of the specified circumstances, however, is present here.

Another possibility is 28 U.S.C. § 2255. But, since Mr. Leland has already filed an unsuccessful § 2255 petition, before filing a second or successive challenge to his sentence under § 2255, he is required to seek and obtain the permission of the appellate court. 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255) (providing that before prosecuting a second or successive habeas petition in the district court, a federal prisoner must obtain from "the appropriate court of appeals . . . an order authorizing the district court to consider the

---

[2] For example, 18 U.S.C. § 3582(c) allows a court to modify a term of incarceration only to the extent authorized by its terms. Under its terms, the statute permits a court to modify a sentence under Rule 35. Rule 35(a) allows a court to modify a sentence to correct an arithmetical, technical, or other clear error, but only if the motion is filed within seven days after sentencing. Fed. R. Crim. P. 35(a); *United States v. Griffin*, 524 F.3d 71, 82-85 (1st Cir. 2008). Rule 35(b) allows a motion to reduce sentence, but only if the Government, not the Defendant, moves for the reduction. *See* Fed. R. Crim. P. 35(b) (stating that a motion to reduce sentence may be filed "[u]pon the government's motion"). If Mr. Leland's motion were considered a motion under Rule 35, the motion would have to be denied, because the Rule does not authorize it.

[3] Among other avenues, the statute allows a court to reduce a sentence "upon motion of the Director of the Bureau of Prisons." 18 U.S.C. § 3582(c)(1)(A). Even if the Director of the Bureau of Prisons makes such a motion, however, the Court may not grant it unless it finds that "extraordinary and compelling reasons warrant such a reduction" or that the defendant "is at least 70 years of age, has served at least 30 years in prison . . . for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ." *Id.* at § 3582(c)(1)(A)(i)-(ii).

application"); *Munoz v. United States*, 331 F.3d 151, 153 (1st Cir. 2003).  There is no suggestion he has done so.

### III.   CONCLUSION

The Court DENIES William Leland's *Pro Se* Motion for Sentence Reduction (Docket # 350).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2008