UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-03-33-B-W-01 |
| | ) | |
| WILLIAM LELAND | ) | |

**ORDER ON APPLICATION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 BY A PRISONER IN FEDERAL CUSTODY**

The Court denies William Leland's application for a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 because he has not obtained the approval of the Court of Appeals to proceed with a second or successive petition.

**I.    STATEMENT OF FACTS**

On January 27, 2004, William Leland pleaded guilty to seven federal felonies, and on October 28, 2005, the Court sentenced him to 252 months incarceration. *J.* (Docket # 334).[1] On January 19, 2005, after his guilty pleas, but before sentencing, Mr. Leland moved to withdraw his guilty pleas. *Mot. to Withdraw Guilty Plea* (Docket # 279). The Court denied the motion on April 7, 2005. *Order on Def.'s Mot. to Withdraw Guilty Plea* (Docket # 291). On April 19, 2005, Mr. Leland filed a *pro se* appeal of the denial of the motion to withdraw guilty plea. *Notice of Appeal* (Docket # 294). On August 4, 2005, the Court of Appeals for the First Circuit dismissed the appeal on the ground that Mr. Leland had to wait until he had been sentenced

---

[1] Mr. Leland pleaded guilty to Counts 1, 2, 3, 6, 8, 10, and 14 of the Second Superseding Indictment. *Second Superseding Indictment* (Docket # 60). Count One alleged a conspiracy to distribute methamphetamine, Ecstasy, and marijuana. Count Two alleged a conspiracy to distribute oxycodone. Count Three alleged a conspiracy to distribute cocaine. Count Six alleged the possession with the intent to distribute cocaine. Count Eight alleged possession with the intent to distribute oxycodone. Count Ten alleged possession with the intent to distribute 500 grams of more methamphetamine. Count Fourteen alleged possession of three firearms by a felon. The Court sentenced Mr. Leland to 252 months incarceration on Counts One and Ten, 240 on Counts Two, Three, and Eight, and 120 months on Count Fourteen, all terms to be served concurrently.

before appealing the order denying his motion to withdraw. *Mandate* (Docket # 309). Once sentenced, Mr. Leland appealed the denial of his motion to withdraw plea to the First Circuit Court of Appeals, and on September 22, 2006, the First Circuit affirmed the district court's denial. *J.* (Docket # 344). The appellate court noted, however, that Mr. Leland could not bring an ineffective assistance of counsel claim on direct appeal and wrote that Mr. Leland could raise that issue in a petition for post-conviction relief under 28 U.S.C. § 2255. *Id.*

Mr. Leland acted on the First Circuit's suggestion and on January 29, 2007, he filed in this Court a motion to vacate, set aside or correct his sentence under § 2255. *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody*, *Leland v. United States*, 07-cv-10-B-W (Docket # 1). On June 13, 2007, the Magistrate Judge issued a recommended decision, recommending that the motion be denied. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (Docket # 8). On July 5, 2007, the Court adopted the Recommended Decision over Mr. Leland's objection. *Order on Pl.'s Mot. for Recusal and on Magistrate Judge's Recommended Decision* (Docket # 13). Mr. Leland appealed to the First Circuit Court of Appeals. *Notice of Appeal* (Docket # 16). On December 11, 2007, the First Circuit denied Mr. Leland's request for a certificate of appealability. *J.* (Docket # 23).

On September 28, 2008, Mr. Leland filed a *pro se* motion to reduce sentence. *Def. William Leland's* Pro Se *Mot. for Sentence Reduction* (Docket # 350) (Pro Se *Mot.*). On October 28, 2008, the Court denied Mr. Leland's motion. *Order Denying Def. William Leland's* Pro Se *Mot. for Sentence Reduction* (Docket # 354) (*Order Denying* Pro Se *Mot.*). On November 5, 2009, Mr. Leland filed an application for leave to file a second or successive motion to vacate under 28 U.S.C. § 2255. *Application for Leave to File a Second or Successive Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255* (Docket # 356). Mr. Leland quickly

withdrew the second application, the United States indicated no objection, and the application was deemed withdrawn.  *Withdrawal of Application for Leave to File a Second or Successive Mot. to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255* (Docket # 357).

The next entry on the docket is a Judgment from the Court of Appeals for the First Circuit denying Mr. Leland's application for leave to file a successive petition on the ground that because the claim of newly discovered evidence related to sentencing issues with no bearing on Mr. Leland's conviction, it failed to meet the stringent gatekeeping requirements applicable to successive § 2255 petitions.  *J.* (Docket # 359) (*J.*).

On January 6, 2010, Mr. Leland filed in this Court an application for leave to file a second or successive motion to vacate.  *Application for Leave to File a Second or Successive Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 By a Prisoner in Federal Custody* (Docket # 360) (*Application for Second Mot.*).  On January 12, 2010, Mr. Leland filed some additional attachments.  *Letter from Attorney Robert M. Napolitano* (Docket # 361).  To understand Mr. Leland's complaint, it is necessary to return to his *pro se* motion for reduction of sentence.  In that motion, Mr. Leland objects to the Court's imposition of a three-level enhancement for obstruction of justice that was recommended by the Probation Office.  Pro Se *Mot.* at 2-3.  According to Mr. Leland, the basis of the enhancement was the Court's finding that "six pages of Mr. Leland's discovery were found at Thomas Dunro's house on March 24, 2004." *Id.* at 2.  Apart from pointing out that the Government had not requested the enhancement, Mr. Leland insisted that, contrary to the Court's finding, he did not know Mr. Dunroe and did not know how Mr. Dunroe could have come into possession of discovery the Government had released in Mr. Leland's criminal case.  *Id.* at 3.

In his recently filed motion, Mr. Leland says that in January 2009, a man named John Dunroe died, and his obituary listed a Thomas Dunroe as John Dunroe's cousin. Mr. Leland was able to track down Thomas Dunroe, who now has confirmed by affidavit that "Mr. Leland did not know Thomas Dunroe, had never met Thomas Dunroe and, most importantly, had <u>never</u> sent anything to Thomas Dunroe." *App. for Second Mot.* at 5. Acknowledging that he is not pursuing a claim of actual innocence of the crimes for which he pleaded guilty and has been sentenced, Mr. Leland contends that he is actually innocent of the facts underlying the imposition of the obstruction of justice enhancement and the denial of the reduction for acceptance of responsibility. *Id.*[2]

## II. DISCUSSION

On October 28, 2008, the Court explained why it cannot consider Mr. Leland's motion for reduction, and the same reasoning applies now with equal if not greater force. *Order Denying Pro Se Mot.* When Mr. Leland moved *pro se* to reduce his sentence, his bases were the same: (1) an assertion that the imposition of an enhancement for obstruction of justice ran against the recommendation of the prosecutor and the terms of the plea agreement; (2) the revelation of new evidence that the facts underlying the obstruction enhancement were erroneous; (3) the asserted inappropriateness of the Court's rejection of a reduction for acceptance of responsibility; and, (4)

---

[2] Although Mr. Leland is focused on Thomas Dunroe, the Court made it clear that it was imposing the obstruction of justice enhancement for a number of reasons:

> My conclusion, having reviewed all of this information that the Government has submitted, is that the recommended obstruction of justice enhancement under section 3C1.1 is applicable for Mr. Leland's conduct post-plea. And I conclude that based on the threat to Mr. Stewart, the dissemination of that threat to Mr. - - to individuals other than himself, presumably with the purpose of informing them of Mr. Stewart's role in the matter and having them take whatever action they could, the dissemination improperly under the prison regulations of information regarding other connected defendants, Omar and Donald Grace, and then finally, the inference which I do draw that Mr. Leland was involved in the dissemination of the information that he received from his attorney that obstructed or attempted to obstruct an ongoing federal investigation of drug distribution in the area.

*Tr. of Sentencing Hearing* at 67-68 (Docket # 339).

4

post-sentencing rehabilitation. *Id.* at 2. The general rule remains that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As the Court earlier wrote, the law allows a Court to order a reduction only in rare circumstances and then only when certain significant procedural hurdles have been overcome. *Order Denying* Pro Se *Mot.* at 3.

The Court discussed the possibility of a § 2255 petition but noted that Mr. Leland had already filed one unsuccessful § 2255 petition, and before filing a second one, he had to obtain permission from the appellate court. 28 U.S.C. § 2244(b)(3)(A); *Order Denying* Pro Se *Mot.* at 3. Since October 28, 2008, Mr. Leland has sought the necessary approval of the United States Court of Appeals for the First Circuit and the appellate court has denied his motion. *J.* at 1.

What was true the last time Mr. Leland filed his petition remains true today. Under the statute, since Mr. Leland's petition constitutes a second or successive petition under § 2244(b)(3)(A), the Court cannot consider his motion unless the Court of Appeals for the First Circuit authorizes it to do so:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (incorporated into 28 U.S.C. § 2255); *United States v. Munoz*, 331 F.3d 151, 153 (1st Cir. 2003). Before this Court may act on his petition, the Court of Appeals must first act favorably; here, the Court of Appeals has acted but unfavorably. If Mr. Leland wishes this Court to consider his second or successive petition, he must first go to the Court of Appeals, present his argument about newly discovered evidence, and obtain its approval to proceed. Until he does so, this Court is without authority to act on his petition.

### III.  CONCLUSION

The Court DENIES William Leland's Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 By a Prisoner in Federal Custody (Docket # 360).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2010