UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-03-33-B-W-01 |
| | ) | |
| WILLIAM LELAND | ) | |

**ORDER DENYING *PRO SE* MOTION TO REDUCE SENTENCE**

William Leland returns asking the Court to reduce the sentence that the Court imposed on October 27, 2005. Pro Se *Mot. to Reduce Sentence* (Docket # 364). Mr. Leland's reiterated complaint is that, if allowed to present evidence, he could prove to the Court that he was not involved in distributing investigative discovery to a Mr. Dunroe and therefore should not have been subject to a three-level sentencing enhancement for obstruction of justice. *Id.* The Court has issued two orders on this request and has explained in detail that it does not have the authority to resentence him at this late date. *Order Denying Def. William Leland's* Pro Se *Mot. for Sentence Reduction* (Docket # 354); *Order on Application for Leave to File a Second or Successive Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 By a Prisoner in Fed. Custody* (Docket # 363) (*Order on Application*).

The contents of a letter from Attorney Robert Napolitano to Mr. Leland dated December 14, 2009, which Mr. Leland attached to his motion, may have precipitated Mr. Leland's most recent filing. In the letter, Attorney Napolitano enclosed one of the Court's decisions and wrote:

> Enclosed is a copy of the Courts decision.
> As you can see by reading it, it states that you must get the **Approval** of the Court of Appeals first, before filing this motion. Unfortunately, the Court of Appeals acted unfavorably on your petition. Therefore, the District Court has denied your motion. To refresh your memory, we did file with the Court of Appeals first on the grounds of newly discovered evidence and they denied this on December 10, 2009 (see enclosed).

> *It would seem that the Court of Appeals and Judge Woodcock are passing the buck to each other.* I am very sorry things did not go your/our way.

*Letter from Atty. Robert Napolitano to William Leland* (Dec. 14, 2009) (emphasis added). Attorney Napolitano is free to give whatever advice he deems appropriate to his client, but the Court and the Court of Appeals are not, as he alleged, "passing the buck" on Mr. Leland's requests for a reduced sentence.

As the Court made clear, the law generally prohibits a trial court from resentencing a defendant. Federal law provides that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. Griffin*, 524 F.3d 71, 83 n.13 (1st Cir. 2008). There are only a few avenues for a defendant to obtain relief from a trial court's sentencing judgment and none is open to Mr. Leland. First, Rule 35(a) allows a court to correct an "arithmetical, technical, or other clear error," if the motion is filed within fourteen days after sentencing. Fed. R. Crim. P. 35(a).[1] This provision is not available because Mr. Leland is not claiming an arithmetical, technical, or other clear error within the meaning of the Rule and many more than fourteen days has passed since the Court sentenced Mr. Leland. Second, Rule 35(b) allows a court to reduce a defendant's sentence if the Government moves for a reduction. Fed. R. Crim. P. 35(b). This provision is not available to Mr. Leland because the Government is not making the motion. Third, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a sentence "upon motion of the Director of the Bureau of Prisons" and only if there are "extraordinary and compelling reasons" that "warrant such a reduction" or the defendant is

> at least 70 years of age, has served at least 30 years in prison . . . for the offense or offenses for which the defendant is currently imprisoned, and a determination has

---

[1] The version of Rule 35(a) in effect as of Mr. Leland's sentencing allowed only seven days after the date of sentencing to file such a motion. Fed. R. Crim. P. 35(b) (2004) (amended 2007). In 2009, Rule 35(a) was amended to expand the time period to fourteen days. Fed. R. Crim. P. 35(b) (2009) (amending Fed. R. Crim. P. 35(b) (2007)). The Court has referred to the current longer time period, but under either, Mr. Leland's motion would be past time.

> been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community.

This provision is not available because the Director of the Bureau of Prisons is not making the motion. Finally, Mr. Leland had the right to appeal his conviction and sentence. He exercised his right of appeal, but it appears from the Court of Appeals opinion that he challenged only the conviction, not the sentence. *Op. of United States Ct. of Appeals for the First Circuit* (Docket # 343).

There is a separate mechanism for requesting a sentence reduction. Section 2255(a) of title 28 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On January 29, 2007, Mr. Leland moved to vacate, set aside, or correct his sentence pursuant to this provision. *Leland v. United States*, Docket No. 07-10-B-W (Docket # 1). On July 5, 2007, the Court affirmed the recommended decision of the magistrate judge and denied his motion. *Order on Pl.'s Mot. for Recusal and on Magistrate Judge's Recommended Decision*, Docket No. 07-10-B-W (Docket # 13). On July 9, 2007, Mr. Leland appealed and on October 19, 2007, the Court of Appeals refused to issue a certificate of appealability and terminated the appeal. *Notice of Appeal*, Docket No. 07-10-B-W (Docket # 16); *J.*, Docket No. 07-10-B-W (Docket # 23).

On September 24, 2008, Mr. Leland moved *pro se* for a reduction in his sentence "from twenty one years to the minimum mandatory sentence he would have received if he was not enhanced for obstruction of justice, and if he had received the three point reduction for timely

acceptance of responsibility as promised in the plea agreement." *Def. William J. Leland's* Pro Se *Mot. for Sentence Reduction* at 1-2 (Docket # 350). On October 28, 2008, the Court issued a four page decision, reviewing the post-sentencing motions in Mr. Leland's case and explaining much of what the Court is explaining again in this Order. *Order Denying Def. William Leland's* Pro Se *Mot. for Sentence Reduction* (Docket # 354).

In its October 28, 2008 Order, the Court noted that one possibility is 28 U.S.C. § 2255, but "since Mr. Leland has already filed an unsuccessful § 2255 petition, before filing a second or successive challenge to his sentence under § 2255, he is required to seek and obtain the permission of the appellate court." *Id.* Mr. Leland then filed a second § 2255 petition and on December 10, 2009, the Court of Appeals denied the motion stating that because "the evidence relates to sentencing issues and has no bearing on petitioner's conviction, it does not meet the stringent gatekeeping requirements applicable to successive § 2255 petitions." *J.* (Docket # 359). Mr. Leland filed a second motion for leave to file a second or successive motion to vacate. *Application for Leave to File a Second or Successive Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 by a Prisoner in Fed. Custody* (Docket # 360). The Court denied the motion on February 9, 2010. *Order on Application.* The Court quoted the statute:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

18 U.S.C. § 2244(b)(3)(A) (incorporated into 28 U.S.C. § 2255). This statutory language is clear. As the Court noted, it is "without authority to act on his petition" unless the Court of Appeals authorizes it to do so. *Order on Application* at 5.

Encouraged by his attorney, Mr. Leland may feel he is trapped in a Catch 22: the district court will not act because it does not have the approval of the Court of Appeals, and the Court of

4

Appeals will not approve his petition because it is a sentencing issue. But, what Mr. Leland should understand is that Congress has significantly restricted the courts' authority to entertain petitions like his. As the First Circuit wrote, the "current habeas statute imposes a one-bite rule with a pair of narrow, but important exceptions." *Jamieson v. United States*, 244 F.3d 44, 46 (1st Cir. 2001). Mr. Leland must either show that newly discovered evidence would demonstrate that he is innocent of the crimes or he must present a new rule of constitutional law that the Supreme Court has made retroactive to his case that would alter his sentence or conviction. *Id.* Consistent with this principle, the Court of Appeals refused to grant Mr. Leland's second or successive petition under 28 U.S.C. § 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain - -
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

None of Mr. Leland's complaints about his sentence raises questions about whether he is actually guilty of the crimes to which he pleaded guilty. Under the first section of the statute, to proceed with a second or successive petition, the newly discovered evidence must be sufficient to establish by clear and convincing evidence that no reasonable factfinder "would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). Thus, although Mr. Leland has what he contends is newly discovered evidence, it does not affect whether he committed the crimes for which he is incarcerated; the newly discovered evidence involves only a sentencing issue and is not cognizable under § 2255(h)(1). This is what the Court of Appeals was no doubt referencing

when it wrote that "the evidence relates to sentencing issues and has no bearing on petitioner's conviction." *J.*

Further, none of his complaints about his sentence raises a new rule of constitutional law that the Supreme Court has made retroactive to his case and that was previously unavailable, and therefore, his complaint is not cognizable under § 2255(h)(2). In sum, the federal courts are not authorized to hear Mr. Leland's complaints about his sentence, since his complaints do not fit within any of the avenues by which his sentence may be reviewed.

The reason that neither the Court of Appeals nor this Court has proceeded with Mr. Leland's petition is simply because neither court is authorized by law to do so. As the First Circuit noted:

> From the structure of the habeas amendments, it is clear that Congress understood that cases might arise where, through no fault of the defendant, a ground for collateral attack was unavailable at the time of the first motion. Congress therefore created a pair of exceptions, categories where it wanted to preserve collateral relief even after the first motion, for just such situations—the most compelling being new evidence establishing innocence of the offense. It is implicit in this scheme that collateral attack claims not within the two categories are *meant* to be barred.
>
> This may seem hardhearted, or an inevitable counter-reaction to perceived abuses of the habeas process, or both; but it was clearly deliberate on Congress's part and—absent any constitutional attack—binding on the courts.

*Jamieson*, 244 F.3d at 47.

The Court realizes that Mr. Leland may find it difficult to understand why if he has, as he claims, newly discovered evidence about his sentencing that, in his view, should change the length of his incarceration, a court is saying that it is without authority to hear his evidence. But, the short answer is that, within some broad limits, Congress has the constitutional right to impose restrictions on what the federal courts may accept for cases, and Congress has passed a statute that prevents the courts from hearing his type of complaint. Though Mr. Leland may find it

difficult to understand the restrictions on post-conviction relief, Attorney Napolitano should know better. It helps no one for him to accuse the courts of "passing the buck," when he knows that the courts are without statutory authority to act.

Finally, the Court reiterates what it wrote earlier and what Mr. Leland may not wish to hear:

> Although Mr. Leland is focused on Thomas Dunroe, the Court made it clear that it was imposing the obstruction of justice enhancement for a number of reasons:
>
> My conclusion, having reviewed all of this information that the Government has submitted, is that the recommended obstruction of justice enhancement under section 3C1.1 is applicable for Mr. Leland's conduct post-plea. And I conclude that based on the threat to Mr. Stewart, the dissemination of that threat to Mr. - - to individuals other than himself, presumably with the purpose of informing them of Mr. Stewart's role in this matter and having them take whatever action they could, the dissemination improperly under the prison regulations of information regarding other connected defendants, Omar and Donald Grace, and then finally the inference which I do draw that Mr. Leland was involved in the dissemination of the information that he received from his attorney that obstructed or attempted to obstruct an ongoing federal investigation of drug distribution in the area.

*Order on Application* at 4 n.2 (quoting *Tr. of Sentencing Hearing* at 67-68 (Docket # 339)). Thus, the obstruction of justice enhancement was not based solely on the presence of the investigative reports in Mr. Dunroe's residence. Even if Mr. Leland could prove that he had nothing to do with the dissemination of those investigative reports, the obstruction of justice enhancement would still be applied because of his other post-plea actions.

The Court can do no more. It has explained again and again as clearly as it can why it cannot grant Mr. Leland a hearing on his repeated pleas for a reduction in his sentence. It cannot because the law does not permit it to do so. Mr. Leland earnestly asks the Court to view him as a changed man, a person who has seen the error of his past life, and an individual who does not need the lengthy period of incarceration the Court imposed in order to emerge a solid citizen and a family man. The Court takes Mr. Leland at his word and congratulates him for his post-

incarceration efforts at rehabilitation, but those efforts will have to be their own reward. The Court cannot reduce his sentence and DENIES his Motion for Resentencing (Docket # 364).

  SO ORDERED.

             /s/ John A. Woodcock, Jr.
             JOHN A. WOODCOCK, JR.
             UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2010