UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR-03-33-B-W-01 |
| | ) | |
| WILLIAM LELAND | ) | |

**ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT UNDER RULE 60(b)/(d)**

For the reasons reiterated in detail in its October 28, 2008 *Order Denying Def. William Leland's* Pro Se *Mot. for Sentence Reduction* (Docket # 354), its February 9, 2010 *Order on Application for Leave to File a Second or Successive Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 By a Prisoner in Fed. Custody* (Docket # 363), and its March 10, 2010 *Order Denying* Pro Se *Mot. to Reduce Sentence* (Docket # 365), William Leland's June 10, 2010 *Motion for Relief from Final Judgment Under Rule 60(b)/(d)* (Docket # 366) (*Def.'s Mot.*) must be denied.

The Court will explain one final time why Mr. Leland's repetitious motion must be denied: 1) the Court does not have the authority to reduce the sentence; and, 2) the Court would not reduce the sentence if it had the authority to do so. Regarding the first point, the Court can do no better than it did in its March 30, 2010 Order Denying *Pro Se* Motion to Reduce Sentence and will not restate what it has already stated and stated again. In addition, for the reasons well articulated in the Government's response, Mr. Leland's motion must fail for three further reasons: 1) Mr. Leland's petition is a successive petition under 28 U.S.C. § 2255 and he has

not obtained the appellate court's permission to file a successive petition; 2) assuming the motion is not a § 2255 petition, but a Rule 60(b) motion, the motion is untimely because it was filed more than three years after the sentencing; and, 3) even if it were a first § 2255 petition (which it is not), it would fail because the standards for such relief have not been met. *See Gov't Opp'n to Def.'s Mot. for Relief from Final J. Under Rule 60(b)/(d)* (Docket # 369).

Regarding the second point, however, Mr. Leland tenaciously holds to the belief that the reason he received an enhancement for obstruction of justice and denial of acceptance was solely because of the discovery documents that law enforcement found in the Hampden, Maine home of Thomas Dunroe. Mr. Leland has presented an affidavit from Thomas A. Dunroe stating that he does not know Mr. Leland, has never talked to him, never corresponded with him, never received anything in the mail from him, and does not know what he looks like. *Def.'s Mot., Aff. of Thomas Dunroe* Attach. 1. With this evidence, which is consistent with his earlier factual representations, Mr. Leland seeks reconsideration of the Court's sentencing decision to impose a two-level increase for obstruction of justice and to deny a three-level reduction for acceptance of responsibility.

So that it is clear. The Court did not impose the two-level enhancement under U.S.S.G. § 3C1.1 primarily because of the information found in Mr. Dunroe's Hampden home. At the October 27, 2005 sentencing, the Government introduced into evidence a letter written in Mr. Leland's hand to a man named "David." *Tr. of Sentencing Hearing* at 59 (Docket # 339). In the letter dated March 2004, Mr.

Leland states that he is enclosing some "paperwork that you and others in your area will be interested in." *Id.* at 62. He refers specifically to Robert Stewart and says that "[t]hat bastard has been a rat since 2000. He told a lot of lies about me." *Id.* He also mentions an Alan McDougal and writes that "[b]oth of them have been rats for a long time." *Id.* He writes:

> The club didn't support me through this because of them, and now the club knows the difference. I hope they come around. Well, David, I always liked you a lot and wanted you to know what he was. I pray I meet him in here someday. He thinks he's tough. I'll show the asshole what tough is.

*Id.* It was signed: "Your real friend, Bill Leland, Hells Angels." *Id.*

Attached to the March 2004 letter was a report of an investigation that detailed in a total of seven pages, Mr. Stewart's role in the drug distribution conspiracy. *Id.* at 63. At the end of the report, a comment appears in Mr. Leland's handwriting: "Look at that. The asshole gave up his in-laws. What a nice guy." *Id.*

The Court found that Mr. Leland's March 2004 letter to "David" amounted to a threat against Robert Stewart. *Id.* at 64-65. On September 26, 2003, a federal grand jury charged that Robert Stewart had conspired with Mr. Leland to engage in a drug dealing conspiracy. *Second Superseding Indictment at 2-3* (Docket # 60). On January 21, 2004, as trial approached for Mr. Leland, the Government revealed that its case against Mr. Leland included evidence that Mr. Stewart supplied cocaine to Mr. Leland for distribution. *Gov't's Trial Br.* at 5-6 (Docket # 186). On January 23, 2004, Mr. Stewart pleaded guilty. *Minute Entry* (Docket # 203). With trial scheduled to start on January 29, 2004, Mr. Leland pleaded guilty to seven

3

counts in the Second Superseding Indictment on January 27, 2004. *Minute Entry* (Docket # 205).

Comment four to U.S.S.G. § 3C1.1, the obstruction of justice enhancement, expressly states that the provision applies to "threatening, intimidating or otherwise unlawfully influencing a co-defendant [or] witness,… directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1 Comment 4(a). The First Circuit has observed that "threatening letters" sent to "a prospective government witness" can constitute obstruction of justice within the meaning of § 3C1.1. *United States v. McMinn*, 103 F.3d 216, 218-19 (1st Cir. 1997). It has upheld an obstruction of justice enhancement when a defendant characterized another prisoner -- just as Mr. Leland characterized Mr. Stewart -- as a "rat," *United States v. Legasse*, 87 F.3d 18, 23-24 (1st Cir. 1996), and when a defendant told a witness she would "end up taking a one-way walk through the woods." *United States v. Sabatino*, 943 F.2d 94, 100-01 (1st Cir. 1991). This Court has applied the same enhancement in similar situations. *See United States v. Belskis*, 477 F. Supp. 2d 237, 246-47 (D. Me. 2007).

The Court considered Mr. Leland's threatening letter to Mr. Stewart to be particularly egregious because it contained both a direct and indirect threat against a central witness and co-defendant. Mr. Leland's later motion to withdraw his guilty plea increased the risk that if the motion had been successful and the threat had been carried out or even communicated to Mr. Stewart, the Government could have been deprived of Mr. Stewart's testimony at a later trial. Mr. Leland's direct

4

threat against Mr. Stewart and his decision to let "David" and people "in [his] area" know about Mr. Stewart, *Tr. of Sentencing Hearing* at 62, compelled the application of § 3C1.1. The Court's imposition of an obstruction of justice enhancement also resulted in its decision to deny a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. *See* U.S.S.G. 3E1.1, Comment 4 (stating that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct").

Mr. Leland's threat to Mr. Stewart in his own handwriting was the primary basis for the obstruction of justice enhancement and the denial of acceptance of responsibility. Mr. Leland's other actions, including the Dunroe papers, were cumulative. Thus, even if the Court concluded that Mr. Leland is correct that he had nothing to do with appearance of the papers in Mr. Dunroe's house, the sentencing result for Mr. Leland would be unchanged.

This is the last time the Court will explain this in writing. It is done all it can do to set the record straight; yet, Mr. Leland keeps filing the same motion, earnestly repeating his contention about the Dunroe papers. The Court remains convinced that Mr. Leland knows full well that he was very angry with Mr. Stewart and that he threatened to harm him. Mr. Leland must also know that his threat was distinctly unwise because consistent with the Sentencing Guidelines and First Circuit authority, the Court did what it would do in any other similar case: it imposed a higher sentence against Mr. Leland. The law simply does not allow

5

defendants who are awaiting sentence to write out threats against central witnesses and the law extracts an additional punishment against those who do so. Once again, the Court remains encouraged by Mr. Leland's assurances that he has changed his ways and now stands ready to live a productive and law-abiding life. However, as the Court wrote earlier, his rehabilitation will have to be its own reward.

In short, for the last time, the Court cannot grant Mr. Leland's repeated motions because it does not have the authority to change his sentence and because if it could, it would not.

The Court DENIES William Leland's Motion for Relief from Final Judgment Under Rule 60(b)/(d) (Docket # 366).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT COURT JUDGE

Dated this 7th day of September, 2010