UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:03-cr-00033-JAW-01 |
| | ) | |
| WILLIAM LELAND | ) | |

**ORDER DENYING RULE 36 MOTION**

The Court denies William Leland's sixteenth post-judgment motion.  This time William Leland returns to this Court, complaining that the United States Bureau of Prisons (BOP) has erred in refusing to reduce his sentence by twelve months despite the fact that he completed the residential drug abuse program (RDAP).[1]  *Fed. R. Crim. P. 36 mot. requesting that the Court attach its findings to the original P.S.I. and send a new copy to the B.O.P. (U.S. Bureau of Prisons)* (ECF No. 415).

In his motion, Mr. Leland focuses on the Court's conclusion at his October 28, 2005 sentencing hearing that he did not possess firearms in connection with the drug trafficking offense.  *Id.* at 1-3.  Mr. Leland is correct as far as he goes.  At the sentencing hearing, the Court accepted the stipulation of the parties in the plea agreement that the firearms possession in relation to the drug offense enhancement under United States Sentencing Guideline § 2D1.1(b)(1) should not apply to his case. *Agreement to Plead Guilty*, at 4 (ECF No. 207) ("The parties agree to recommend that the evidence does not support a finding that any dangerous weapon (including a

---

[1]    Although not in the record, the Court assumes for the purposes of this Order that Mr. Leland exhausted all of his administrative remedies before the Bureau of Prisons.

firearm) was possessed in relation to any of the drug offenses"); *Tr. of Sentencing Hr'g*, at 40-45 (ECF No. 339).  But this is not why the BOP denied Mr. Leland's request for a twelve-month reduction under 18 U.S.C. § 3621(e).  When Mr. Leland pleaded guilty on January 27, 2004, he admitted not only the drug offenses, but also that he was guilty of Count XIV, a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm.  *Tr. of Proceedings*, 4:11-17 (ECF No. 306); *see also id.* 5:16-19 ("THE COURT: Now, Mr. Leland, have you pled guilty to Counts 1, 2, 3, 6, 8, 10, and 14 of the second superseding indictment of this case because you are actually guilty?  THE DEFENDANT: Yes"); *J.* (ECF No. 334).

There is no dispute that the BOP has the discretion to determine who does and who does not qualify for early release eligibility.  *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment [under 18 USC § 3621(e)]").  Under 28 C.F.R. § 550.55(b)(5)(ii), (iii), a conviction pursuant to 18 U.S.C. § 922(g)(1) precludes a defendant's eligibility for a sentence reduction for participation under RDAP.[2]  *See Torres v. Chapman*, 359 Fed. Appx. 459, 461-62 (5th Cir. 2009);  *Blow v. Schultz*, Civil No. 08-2307 (NLH), 2008 U.S. Dist. LEXIS 96052, *18 (D.N.J. Nov. 21, 2008); *Chevrier v. Marberry*, No. 04-10239, 2006 U.S. Dist. LEXIS 91870, *14 (E.D. Mich. Dec. 20, 2006) ("There is nothing unreasonable in the BOP's common-sense

---

[2]      Additionally, the Federal Bureau of Prisons issued a policy that "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits."  U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, PS 5162.05 § 4(E), PROGRAM STATEMENT, CATEGORIZATION OF OFFENSES (2009).

decision that there is a significant potential for violence from criminals who possess firearms").

There is a Ninth Circuit case, *Arrington v. Daniels*, 516 F.3d 1106, 1109 (9th Cir. 2008), that questioned whether the BOP could categorize being a felon in possession of a firearm as a crime justifying denial of sentence-reduction eligibility under RDAP.  However, following *Arrington* in 2009, the BOP issued new regulations under 28 C.F.R. § 550.55, which continued to treat a felon in possession conviction as a bar to a sentence reduction under RDAP.  In 2012, the Ninth Circuit overruled *Arrington*.  *Peck v. Thomas*, 697 F.3d 767, 776 (9th Cir. 2012) ("We join our sister circuits in holding that the Bureau has not violated the APA in excluding inmates from consideration of early release who have a current conviction for felon in possession . . .").  In *Peck*, the Ninth Circuit found that the BOP cured the procedural defects identified by *Arrington* by offering a public safety rationale for the 2009 regulations.  *Id.* at 772-74.  *See also United States v. Chase*, Crim. No. 7-83-B-W, 2010 U.S. Dist. LEXIS 638, *5-10 (D. Me. Jan. 4, 2010), *aff'd* 2010 U.S. Dist. LEXIS 16117 (D. Me. Feb. 23, 2010).

The Court DENIES William Leland's Fed. R. Crim. P. 32 motion requesting that the Court attach its findings to the original P.S.I. and send a new copy to the B.O.P. (U.S. Bureau of Prisons) (ECF No. 415).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2015